# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LINDA DENISE SMITH § | |
| § | |
| v. § | |
| § | Civil Action No. 4:15-CV-682 |
| JPMORGAN CHASE BANK, N.A., § | (Judge Mazzant/Judge Nowak) |
| FEDERAL HOME LOAN MORTGAGE § | |
| CORPORATION § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. Having received the report and recommendations of the United States Magistrate Judge (Dkt. #46), having considered Plaintiff Linda Denise Smith's ("Plaintiff") Motion for Leave to File Second Amended Complaint (Dkt. #49), Plaintiff's timely filed objections (Dkt. #50), Defendants' response (Dkt. #52), Plaintiff's reply and amended reply (Dkts. #54-55), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct; and the Court hereby adopts the Magistrate Judge's report (Dkt. #46) as the findings and conclusions of the Court.

### BACKGROUND

Plaintiff originally commenced this action on July 31, 2015, in the 158st District Court, Denton County, Texas, Cause No. 15-06449-158 ("State Court Action") against Defendants (Dkt. #1 at 1). The claims in Plaintiff's Petition relate to the servicing, loan modification, and foreclosure proceedings of Plaintiff's late husband, John Rodney Smith's ("Mr. Smith") loan secured by the residence, located at 11322 Raveneaux Drive, Frisco, Texas 75033 ("Property") (Dkt. #1-4 at 6-7). Plaintiff signed the Deed of Trust for the loan as the spouse of the borrower,

but is not a signatory to the promissory note ("Note") (Dkt. #1-4 at 6-7, 27-49; Dkt. #17-1 at 3-5). Plaintiff's late husband is the sole borrower (Dkt. #4-1 at 23-26). Plaintiff's live pleadings allege claims for (i) breach of contract and anticipatory breach of contract; (ii) unreasonable debt collection efforts; (iii) violation of the Texas Consumer Credit Code/Debt Collection Practices Act ("TDCA"); (iv) an accounting; (v) declaratory judgment; (vi) specific performance; and (vi) injunctive relief/restraining order (Dkt. #1-4; *see also* Dkt. #17-1).

On October 5, 2015, the case was removed to the Eastern District of Texas (Dkt. #1). Thereafter, on October 12, 2015, Defendants filed a Joint Motion to Dismiss ("Motion to Dismiss") (Dkt. #7), which was denied as moot subject to reinstatement on November 8, 2015 to allow Plaintiff an opportunity to file an amended complaint (Dkt. #9). On December 28, 2015, the Court reinstated Defendants' Motion to Dismiss after Plaintiff failed to file an amended complaint (Dkt. #12; Dkt. #14). On January 14, 2016, Plaintiff filed a Response in Opposition to the Motion to Dismiss ("Response") with an attached First Amended Complaint (Dkt. #17; Dkt. #17-1), and on January 25, 2016, Defendants filed a Reply (Dkt. #18). Plaintiff's facts and allegations in the First Amended Complaint are substantially similar to the Petition, except for the exclusion of "claims" based on violations of United States Department of Housing and Urban Development ("HUD") and/or Federal Housing Administration ("FHA") regulations and related claim for specific performance (*see* Dkt. #1-4; Dkt. #17-1). The Magistrate Judge entered a Report and Recommendation on August 11, 2016, recommending Defendants' Motion to Dismiss be granted as to the claims set forth in both Plaintiff's Petition and the First Amended Complaint (Dkt. #46). On August 25, 2016, Plaintiff filed an untimely Motion for Leave to File Second Amended Complaint (Dkt. #49) and timely objections to the Magistrate Judge's report

(Dkt. #50). On September 12, 2016, Defendants filed their response to Plaintiff's objections (Dkt. #52).

## PLAINTIFF'S OBJECTIONS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects: (1) generally that the Magistrate Judge lacked authority to issue the Report and Recommendation (Dkt. #50 at 2-3); and (2) also that the Magistrate Judge's Report and Recommendation contains certain errors of law and fact (Dkt. #50 at 4-9). In summary, the Magistrate Judge's report specifically recommended that:

(1) Plaintiff's claims for violations of HUD, the FHA, and related "claim" for specific performance be dismissed because Plaintiff has not objected to dismissal of these claims and such regulations do not apply (Dkt. #17 at 1; Dkt. #46 at 6-7);

(2) Plaintiff's claims based on breach of contract and/or anticipatory breach be dismissed for lack of standing because Plaintiff is not a borrower or debtor in default, and further because Plaintiff is in breach of the Deed of Trust and Defendant's foreclosure is not an absolute repudiation of the contract (Dkt. #46 at 7-16)

(3) Plaintiff's claim for violation of the Texas Property Code, Section 51.002 be dismissed for lack of standing because Plaintiff is not a borrower and/or debtor in default (Dkt. #46 at 16-17);

(4) Plaintiff's claim for RESPA Violations be dismissed for lack of standing because Plaintiff is not a borrower (Dkt. #46 at 17-18);

(5) Plaintiff's claim for violation of the Garn-St. Germain Depository Act of 1982 (12 U.S.C. § 1701j-3) ("Garn-St. Germain Act") be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #46 at 18);

(6) Plaintiff's "claim" based on holder in due course be dismissed because holder in due course status is not required for standing to foreclose under a Deed of Trust (Dkt. #46 at 18-19);

(7) Plaintiff's claim based on breach of the duty of good faith and fair dealing in Texas Business and Commerce Code § 1.304 be dismissed because the duty of good faith and fair dealing does not apply to the mortgagor-mortgagee relationship (Dkt. #46 at 19-20);

(8) Plaintiff's claim for waiver be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #46 at 20-22);

(9) Plaintiff's claim for unreasonable debt collection efforts be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #46 at 22-24);

(10) Plaintiff's claim for violation of the Texas Debt Collection Action ("TDCA") be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #46 at 24-27);

(11) Plaintiff's request for an accounting be dismissed because no independent cause of action remains (Dkt. #46 at 27-28);

(12) Plaintiff's request for declaratory judgment be dismissed because no independent cause of action remains (Dkt. #46 at 28); and

(13) Plaintiff's request for injunctive relief be dismissed because no independent cause of action remains (Dkt. #46 at 29).

Plaintiff's objections do not state any specific objections as to the findings of the Magistrate Judge that the following claims should be dismissed: (i) Plaintiff's claims for violations of HUD, the FHA, and specific performance; (ii) Plaintiff's claim based on breach of the duty of good faith and fair dealing; (iii) Plaintiff's claim for violation of the Garn-St. Germain Act; (iv) Plaintiff's claim for waiver; (v) Plaintiff's claim for unreasonable debt collection efforts; and (vi) Plaintiff's claim for violation of the TDCA (*see* Dkt. #46; Dkts. #49-50). As such, the Court holds that these findings and conclusions of the Magistrate Judge are correct and will be adopted as the findings and conclusions of the Court. Accordingly, Plaintiff's claims: (i) for violations of HUD, the FHA, and specific performance; (ii) breach of the duty of good faith and fair dealing; (iii) violation of the Garn-St. Germain Act; (iv) waiver; (v) unreasonable debt collection efforts;

and (vi) violation of the TDCA, are dismissed.[1] The Court now addresses each of Plaintiff's objections (and remaining claims) in turn.

*Objection 1:     The Magistrate Judge's Authority*

Plaintiff's first objection contends that the Magistrate Judge lacked authority to issue the Report and Recommendation under 28 U.S.C. § 636 because of Defendants' pending Motion for Summary Judgment (Dkt. #24; Dkt. #50 at 2-3). Plaintiff alleges the two motions are similar and because "[D]efendants' 12(b)(6) almost mirrors that of the concurrently pending Motion for Summary Judgment," the Magistrate Judge does not have authority to make a recommendation (Dkt. #50 at 2). Notably, 28 U.S.C. § 636(b) states:

> **(b)**
>   **(1)** Notwithstanding any provision of law to the contrary—
>
>   **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
>   **(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
>   **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

---

[1] To the extent that Plaintiff's Motion for Leave requests leave to amend Plaintiff's claims for violations of HUD, the FHA, and specific performance; breach of the duty of good faith and fair dealing; violation of the Garn-St. Germain Act; waiver; unreasonable debt collection efforts; and violation of the TDCA, such request is discussed *infra* (Dkt. #49).

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

The Magistrate Judge did not exceed the authority vested by 28 U.S.C. § 636(b) in issuing a Report and Recommendation on Defendants' Motion to Dismiss. Indeed, while a magistrate judge may not issue an order granting or denying a dispositive motion, such as Defendants' Motion for Summary Judgment or Motion to Dismiss here, a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), is authorized to issue a report and recommendation detailing the findings and recommendations on such motions. *Id.* In this case, the Magistrate Judge has provided a recommendation which does not exceed the authority vested by 28 U.S.C. § 636(b) (Dkt. #46). Moreover, per the statute, the Magistrate Judge's Report and Recommendation is now before the Court for a de novo review in light of Plaintiff's timely filed objections (Dkt. #46; Dkts. #49-50). Plaintiff's first objection is overruled.

*Objection 2:     Errors of Law and Fact*

Plaintiff further objects that the Magistrate Judge committed certain errors of law and fact, specifically Plaintiff alleges: (1) the Magistrate Judge took improper judicial notice of the Assignments of the Deed of Trust; (2) MERS authority to act is limited; (3) the new trustee was never substituted for the old trustee prior to Defendants attempting to foreclose; (4) the Assignment of the Deed of Trust is invalid or void;[2] (5) Defendants have rescinded and

---

[2] As an initial matter, the Court notes that Plaintiff's Petition and First Amended Complaint do not allege causes of action based on purported invalidity of the Assignment and/or standing of Defendants to foreclose (Dkt. #1-4; Dkt. #17-1). Nevertheless, the Magistrate Judge expressly noted, in connection with Plaintiff's "claim" based on holder

abandoned the acceleration of the debt; (6) the Texas Probate Code requires that the mortgagor pursue foreclosure of the Property only through a probate proceeding within four years of the borrower's death; and (7) Plaintiff is in privity of contract (Dkt. #50 at 3-9).

### *(1) Judicial Notice*

Plaintiff first argues that the Court took improper notice of the Deed of Trust, Assignment, and Note because the validity of such documents is disputed (Dkt. #50 at 3-4). The Magistrate Judge found that the Court could take judicial notice of the Deed of Trust, Note, and Assignment of the Deed of Trust, which are publicly available county property records (Dkt. #46 at 6). In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to the complaint, and may also consider documents attached to a motion to dismiss and the response thereto if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*; *Bradley v. PNC Bank, N.A.*, No. 4:14-CV37, 2014 WL 4829317, at *3 n.3 (E.D. Tex. Sept. 26, 2014) (considering note and assignment attached to Motion to Dismiss). Further, the Court may consider documents of public record, such as county property records. *Martinez v. Wells Fargo Bank, N.A.*, No. SA-15-CV-390-XR, 2015 WL 4041674, at *2 (W.D. Tex. June 30, 2015) (finding court could consider note and deed of trust because they were public records and central to plaintiff's claims). The Court may specifically take judicial notice of public records such as a

---

in due course status, that a party must be a "mortgagee," meaning a "grantee, beneficiary, owner, holder or assignee of the Deed of Trust," to foreclose (Dkt. #46 at 19). Tex. Prop. Code § 51.0001. Further, the Magistrate Judge found that, to the extent Plaintiff's holder in due course arguments attempted to contest the validity of the Assignment, such arguments failed because Plaintiff, as a non-signatory to the Assignment, may only challenge the Assignment on grounds that render the Assignment void, not voidable (Dkt. #46 at 19). *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Seeing no such "void" challenges in the Petition or First Amended Complaint, the Magistrate Judge found that Plaintiff lacked standing to attack the Assignment (Dkt. #46 at 19). Notwithstanding Plaintiff's failure to raise invalidity of the assignment in the Petition, First Amended Complaint, and/or Response to the Motion to Dismiss, the Court has reviewed each of Plaintiff's challenges and finds they are without merit.

deed, assignment of a deed of trust, or similar document filed with the county property records office. *Bradley*, 2014 WL 4829317, at *3 n.3 (finding the court could consider note and assignment attached to Motion to Dismiss); *Martinez*, 2015 WL 4041674, at *2.

Plaintiff cites to *In re Smith*, No. ADV 11-05136, 2012 WL 1123049, at *1-4 (Bankr. W.D. Tex. Apr. 3, 2012), in support of her argument that the Court may not take judicial notice of the assignment of the Deed of Trust here (Dkt. #50 at 3-4). *In re Smith* involved an adversarial proceeding initiated based on alleged breach of a settlement agreement. *In re Smith*, 2012 WL 1123049, at *1-4. Therein, the bankruptcy court considered whether it could properly take judicial notice of court filings, factual findings, and other documents filed in a federal court case involving several of the parties to the bankruptcy action. *Id.* The court found that it could properly take judicial notice that the various documents had been filed and that various allegations had been made therein, but could not take judicial notice of the allegations made in the other court "for their truth," to establish facts in the present litigation because such facts were subject to reasonable dispute in the other litigation. *Id.*

*In re Smith* is distinguishable from the instant action. Here, the Assignment of the Deed of Trust was expressly referenced in Plaintiff's Petition and First Amended Complaint (Dkt. #1-4 at 6-7; Dkt. #17-1 at 3-4). *Scanlan*, 343 F.3d at 536 (finding court can consider documents referenced in plaintiff's complaint which are central to plaintiff's claims). Further, the document involved in this case, an Assignment, is a public record filed with the county land office, not a court filing. *In re Smith*, 2012 WL 1123049, at *1-4. And finally, as discussed further *infra*, the Assignment here is not subject to dispute, because Plaintiff, a non-signatory to the Assignment, lacks standing to challenge the assignment based on challenges that merely render the Assignment voidable, not void. *See Reinagel*, 735 F.3d at 224-28 (finding

non-signatory may only challenge a document based on deficiencies that render the document void, not voidable).

### *(2) MERS Authority*

Plaintiff's next several challenges are based on the alleged securitization of the Note and Deed of Trust and the authority of MERS to act in the mortgage/deed of trust setting (Dkt. #50 at 4-9). Specifically, Plaintiff asserts that the Note and Deed of Trust were paid in full when they were securitized and/or that MERS had no authority to transfer the Deed of Trust. *Id.* Both of Plaintiff's arguments have been unequivocally rejected by the Fifth Circuit. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (discussing MERS authority as beneficiary, nominee, and/or book entry system to grant the right to foreclose); *Casterline v. OneWest Bank, F.S.B.*, No. CA C-12-150, 2012 WL 5465982, at *7 (S.D. Tex. Oct. 10, 2012) (rejecting arguments based on MERS's lack of authority); *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, at *2-3 (N.D. Tex. Nov. 28, 2011) (stating non-signatory to an assignment lacks standing to contest it, including based on assignment by MERS as a nominee for a party and separation of the note from the deed of trust).

### *(3) Trustee Substitution*

Relatedly, Plaintiff's arguments concerning the correct identity of the mortgagee fail as a matter of law. Under the Texas Property Code, Section 51.002, mortgagee means the grantee, beneficiary, owner, or holder of a security instrument; a book entry system; or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record. Tex. Prop. Code § 51.002. Per the terms of the Deed of Trust attached to Plaintiff's Petition, the original lender and grantee of the Deed of Trust was Pulte Mortgage

Corporation, with MERS as both nominee, beneficiary, and book entry system therein (Dkt. #1-4 at 27-30). The Assignment dated January 24, 2012 (and again, referenced in Plaintiff's Petition and First Amended Complaint), references that MERS, as nominee, beneficiary, and bookkeeping entity for Pulte Mortgage Corporation is assigning the Deed of Trust to Defendant JPMorgan Chase Bank (Dkt. #1-4 at 6-7; Dkt. #17-1 at 3-4; Dkt. #24, Ex. E). Defendant JP Morgan is the last person of record to whom the Deed of Trust was assigned, and MERS had full authority, as both the beneficiary and nominee, to assign the Deed of Trust (Dkt. #1-4 at 6-7; Dkt. #17-1 at 3-4; Dkt. #24, Ex. E). JP Morgan is a mortgagee, and has authority to foreclose under the Texas Property Code. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (finding defendant had authority to foreclose as last assignee from MERS of such right under the Texas Property Code).

Plaintiff also argues that Defendants lack standing to foreclose because the trustee on the foreclosure paperwork (Shellie Oriolani) does not match the original trustee on the Deed of Trust (Ken Dickenson) (Dkt. #50 at 5). Specifically, Plaintiff appears to assert that Defendants were required to provide a copy of the document substituting the trustee along with the notice of foreclosure, and failure to provide such document renders the entire foreclosure void (Dkt. #50 at 5). Plaintiff is mistaken. The Deed of Trust, Section 24, states that:

> 24. Substitute Trustee; Trustee Liability. All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause. may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable law.

(Dkt. #1-4 at 39). The Deed of Trust therefore allows the holder of the Deed of Trust to remove or substitute the trustee at any time without any formalities except a writing (Dkt. #1-4 at 39). By Notice of Trustee's Sale dated July 13, 2015, Defendants listed substitute trustees and notified Plaintiff that a substitute trustee would sell the property by auction (Dkt. #50 at 16). This writing satisfies the "writing" requirement of the Deed of Trust. *See Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 11 (5th Cir. 2012) (per curiam) (finding foreclosure was valid where notice of substitute trustee was provided to the court and deed of trust allowed trustee to be substituted or removed without any formalities except a writing). Plaintiff's argument that the trustee substitution invalidates the foreclosure fails.

### *(5) Rescission and Abandonment*

Turning next to Plaintiff's argument that Defendants have rescinded and abandoned the acceleration and foreclosure, the Court notes that neither Plaintiff nor Defendant provided the Court with the alleged notice of rescission dated March 7, 2016 (*see generally* Dkts. #1-50). Moreover, Plaintiff cites to no authority stating that a rescission of the acceleration and foreclosure of the Deed of Trust, standing alone, requires the Court to deny Defendants' Motion to Dismiss; nor does the Court find any authority supporting such an assertion (*see* Dkts. #49-50). A notice of rescission is not an admission of any deficiency in the foreclosure or acceleration whatsoever, and, at this juncture, is simply irrelevant to disposition of Defendants' Motion to Dismiss.

### *(6) Statute of Limitations*

Plaintiff lastly argues that Defendants' foreclosure proceeding is barred by limitations because it was filed over four years after Mr. Smith's death (Dkt. #50 at 7). This assertion is incorrect. The four year statute of limitations cited by Plaintiff applies only to dependent

administration probate proceedings, not to independent administration probate proceedings. Tex. Estates Code § 34.002(e)(1). Mr. Smith's probate proceeding was filed in Denton County as an independent administration, and such statute of limitations is therefore inapplicable. *In the Estate of John Rodney Smith*, PB1-0804-2014 (May 26, 2015).[3]

### *(7)    Privity of Contract*

Plaintiff's last objection argues that Plaintiff was in fact in privity of contract with Defendants. Plaintiff alleges "the contract was 'executory' and after Mr. Smith died, [P]laintiff went into Probate Court and obtained legal title to the property . . . [w]ith that she should have been able to keep the [Property]" under either some unidentified equitable doctrines and/or Texas community property law (Dkt. #50 at 8-9). Plaintiff's objections largely mirror those arguments previously stated in her Petition, First Amended Complaint, and Response to the Motion to Dismiss, which the Magistrate Judge expressly considered and found to be unsubstantiated by case law in the Fifth Circuit (Dkt. #1-4; Dkt. #17-1; Dkt. #17; Dkt. #46). Plaintiff cites no new or additional case or statutory authority supporting her arguments that she has standing to sue under these unidentified "[e]quitable theories" or a community property right (Dkt. #50 at 8-9).

To the extent that Plaintiff argues that she had a contract with Defendants because she attempted to negotiate a loan modification, such arguments fail. As stated by the Magistrate Judge, the Defendants had no obligation to favorably modify the Note and/or Deed of Trust to allow Plaintiff to assume the loan (Dkt. #46 at 15-16). *Swim v. Bank of Am., N.A.*, No. 3:11–CV–1240–M, 2012 WL 170758, at *4 (N.D. Tex. Jan. 20, 2012) (stating that defendants were under no obligation to modify the loan); *Burgess v. Bank of Am., N.A.*, No. 5:14-CV-00495-

---

[3] The independent administration appears to have been dismissed because Plaintiff, as personal representative, failed to appear at a hearing. *Id.*

DAE, 2014 WL 5461803, at *10 (W.D. Tex. Oct. 27, 2014). There is not a contract between the parties simply by virtue of Plaintiff or Defendant "accepting" an invitation to engage in negotiations to create a loan modification to enable Plaintiff to assume the Note and Deed of Trust.

As to Plaintiff's argument that she has "community property rights under Texas law which allows her [sic] enforce her contractual rights" to the Property (*see* Dkt. #50 at 8-9), regardless of the alleged character of the property, a prerequisite to bringing a breach of contract claim generally is that the parties are in privity. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 574 (S.D. Tex. 2012), *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 266 (5th Cir. 2013) (finding non-party to contract lacks standing to sue for breach thereof). A spouse who signs a deed of trust as the spouse of a borrower, but does not sign the loan or note, is not a "borrower" or "debtor" entitled to notice of intent to accelerate or intent to foreclosure under Texas law. *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014) (per curiam). Such a non-party spouse is not in privity and lacks standing to sue for breach of contract. *Kiper*, 884 F. Supp. 2d at 574. Accordingly, Plaintiff's second objection is overruled.

## MOTION FOR LEAVE

Concurrently with her objections, Plaintiff also filed a Motion for Leave to file a Second Amended Complaint (Dkts. #49-50). Plaintiff asserts therein that she has recently obtained the assistance of a retired attorney, and wishes to replead her claims in this action so that they may survive Defendant's Motion to Dismiss and Motion for Summary Judgment (Dkt. #49). Plaintiff cites a few examples of new arguments and/or "claims" she proposes to assert in support of her Motion for Leave (Dkt. #49). While Plaintiff's Motion for Leave was filed on August 25, 2016,

the Motion for Leave did not attach or otherwise contain a copy of the document Plaintiff seeks leave to file, as required by Local Rule CV-7(k) (Dkt. #49). Local Rule CV-7. Plaintiff's Motion for Leave is therefore deficient because she did not attach a copy of the proposed Second Amended Complaint. *Id.* Additionally, the Court's Scheduling Order in this matter states that the deadline for Plaintiff to file amended pleadings (with a motion for leave) was March 28, 2016 (Dkt. #15). Plaintiff filed her Motion for Leave on August 25, 2016, over five months after the deadline in the Scheduling Order (Dkt. #15; Dkt. #49). And finally, the new "claims" Plaintiff advises she desires to assert largely mirror those in her previous pleadings and/or objections to the Report and Recommendation (Dkts. #49-50). As described herein, those arguments and/or "claims," like those in Plaintiff's Petition and First Amended Complaint, fail to state a claim on which relief can be granted and must be dismissed. Therefore, for all of the above reasons, the Court finds that leave should not be granted and amendment of Plaintiff's complaint would be futile at this juncture. Plaintiff's Motion for Leave should be denied.

## CONCLUSION

Having considered Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #49), each of Plaintiff's timely filed objections (Dkt. #50), Defendants' response (Dkt. #52), Plaintiff's reply and amended reply (Dkts. #54-55), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #46) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. #7) is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

It is further **ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. #49) is **DENIED**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 19th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE